**Abatement Order filed March 8, 2022**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-20-00277-CV**
_____

**WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A, Appellant**

**V.**

**HUNTERS GLEN MUNICIPAL UTILITY DISTRICT AND ALDINE INDEPENDENT SCHOOL DISTRICT, Appellees**

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-04998**

## ABATEMENT ORDER

This is an attempted appeal from a judgment signed January 10, 2020. It appears from the record that the judgment is not final. On February 17, 2022, we notified the parties that the court would consider dismissal of the appeal for want of jurisdiction unless any party filed a response by February 28, 2022, demonstrating the trial court disposed of all parties and all claims. On February 28, 2022, appellant filed a letter requesting the court to abate the appeal and remand this case to the trial court for finality. *See* Tex. R. App. P. 27.2. Appellees have not filed a response.

The Texas Supreme Court has advised that if an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

We order the case abated and remanded to the trial court for a period of **thirty days** for clarification of the finality of the judgment. A supplemental clerk's record containing the trial court's clarifying order(s), if any, shall be filed with the clerk of this court within thirty days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

2

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.